IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| RODNEY G. SHEPARD, | : | |
| Plaintiff | : | |
| VS. | : | |
| STEVE JONES, Judge, Superior Court of Athens, | : | NO. 3:05-cv-114(CAR) |
| Defendant | : | **O R D E R** |

Plaintiff **RODNEY G. SHEPARD**, presently confined at the Clarke County Jail in Athens, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  Plaintiff also seeks leave to proceed without prepayment of the $250.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a) (Tab # 2).  Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee.  Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

It is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $250.00 filing fee has been paid in full.  28 U.S.C. § 1915(b)(2).  The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

## I. STANDARD OF REVIEW

### A.  28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds:  (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."  *Neitzke*, 490 U.S. at 327 (quoting *Hishon* **v.** *King & Spalding*, 467 U.S. 69, 73 (1984)).

### B.  General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States.  *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  *Id.*

## II.  BACKGROUND

Plaintiff apparently is a pretrial detainee at the Clarke County Jail awaiting trial on unspecified state criminal charges.  Plaintiff brings this section 1983 action seeking to obtain his

release on bond and $2.5 million dollars in damages. According to plaintiff, defendant Superior Court Judge Steve Jones has twice denied plaintiff's request for bond.

## III. DISCUSSION

The posture of plaintiff's state criminal proceedings is not entirely clear. However, because plaintiff's criminal proceedings are ongoing, this Court is barred by the *Younger* abstention doctrine from interfering in plaintiff's state criminal case. *Younger* is based on principles of comity between state and federal governments and recognizes that the pending state court proceedings will provide an adequate forum for litigating federal issues. *The News-Journal Corp. v. Foxman*, 939 F.2d 1499, 1508 (11th Cir. 1991). *Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *Middlesex Co. Ethics Comm'n v. Garden State Bar Ass'n*, 57 U.S. 423, 432 (1982). Plaintiff has not alleged that he lacks an adequate opportunity to present federal claims in his state criminal proceedings. Thus, this Court must abstain from interfering with plaintiff's pending state criminal case.

Moreover, in Georgia, plaintiff may obtain review of any order denying him bond by utilizing the interlocutory appeal procedures set forth in O.C.G.A. § 5-6-34(b). *Mullinax v. State*, 271 Ga. 112, 515 S.E.2d 839 (1999) (citing *Howard v. State*, 194 Ga. App. 857, 392 S.E.2d 562 (1990)). In addition, he may file a petition for writ of habeas corpus in the Georgia state courts concerning his claim that the refusal to grant bond was a violation of his constitutional rights. *Mullinax*, 271 Ga. at 271.

Lastly, the Court finds that plaintiff's claims against Judge Jones are barred by the doctrine of judicial immunity. Judges are entitled to absolute immunity from damages for acts taken in their judicial capacity, unless they acted in the "'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir.1996). Denying plaintiff bail is clearly a judicial act. *See, e.g., White v. Gerbitz*, 892 F.2d 457, 464 (6th Cir.1989) (setting bail is judicial act). Because Judge Jones was acting within his judicial capacity, he has absolute immunity from liability to plaintiff for damages.

## III. CONCLUSION

In light of the above, the instant complaint is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 8th day of March, 2006.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

cr